MORTON, APPELLANT, *v.*
STATE TEACHERS RETIREMENT BOARD, APPELLEE.

(No. 80AP-232—Decided September 2, 1980.)

*Mr. J. Alex Morton,* for appellant.
*Mr. William J. Brown,* attorney general, and *Mr. Ronald J. Corn,* for appellee.

WHITESIDE, J.    Plaintiff-appellant, Maurice Morton, appeals from a declaratory judgment of the Court of Common Pleas of Franklin County and raises a single assignment of error as follows:

"The lower court erred in holding that the Amendment to Ohio R. C. 3307.32 relative to the purchase of service credit for prior teaching service, effected by Amended Substitute Senate Bill No. 245, enacted [passed] February 28, 1978, does not violate either or both the equal protection clauses of the United States and Ohio Constitutions (14th Amendment, U. S. Constitution; Article 1, Section 2 of the Ohio Constitution) and/or the due process clauses of the U. S. and Ohio Constitutions (14th Amendment, U. S. Constitution; Article I, Section 16 of the Ohio Constitution) upon its face or as it applies to members of the State Teachers Retirement System with prior teaching service outside * * * the United States."

Plaintiff retired from his position as professor at the University of Akron effective September 1, 1978, having contributed to the State Teachers Retirement System since January 1, 1953. From 1945 to 1948 plaintiff was employed as a teacher at Sir George Williams University in Montreal, Quebec, Canada. On August 8, 1978, plaintiff applied for the purchase of service credit for his service at Sir George

Williams University; the application was denied by the State Teachers Retirement Board because of an amendment to R. C. 3307.32 which became effective June 29, 1978. As amended, effective June 29, 1978, R. C. 3307.32 does not permit the purchase of service credit for teaching service in a foreign country; instead, it provides that:

" * * * Credit may be purchased for teaching service in a public or private school, college, or university *of this or another state,* and *for* teaching service in any school *or entity* operated by or for the United States government. * * * " (Emphasis added.)

The italicized words were added by the amendment effective June 29, 1978 (see 137 Ohio Laws 797); hence, prior to that date, plaintiff, if he had availed himself of the opportunity, could have purchased service credit for his teaching service in Canada. Unfortunately, he failed to do so and, instead, made his application to purchase additional service credit only after he was no longer eligible to do so under the applicable statute. Accordingly, plaintiff now contends that present R. C. 3307.32 violates both the Equal Protection and Due Process Clauses of the United States and Ohio Constitutions.

Plaintiff contends that present R. C. 3307.32 improperly discriminates against those members of the State Teachers Retirement System who have prior foreign teaching experience by denying them the right to purchase additional service credit for such experience, while, at the same time, permitting those persons with prior teaching service in other states or with the federal government to purchase additional service credit for such experience. While clearly a classification differentiation is made, we find no unconstitutional discrimination.

Plaintiff also contends that a fundamental right is involved, thereby placing upon the state a burden of demonstrating the reasonableness of the classification. We disagree. No fundamental right is involved. Rather, the burden is upon plaintiff to demonstrate that the legislation has no rational basis.

Prior to retirement, plaintiff had no *vested* right to purchase service credit for service with a foreign country. Had he elected to do so, however, he could have purchased such additional service credit by doing so prior to June 29, 1978. We

find that it is reasonable for the General Assembly to differentiate between persons with prior service credit in other states or with the federal government and those persons with prior service in foreign countries. In short, we find no violation of either the Equal Protection or the Due Process Clauses of either the Ohio or United States Constitutions. Accordingly, the assignment of error is not well taken.

For the foregoing reasons, the assignment of error is overruled, and the judgment of the Court of Common Pleas of Franklin County is affirmed.

*Judgment affirmed.*

REILLY and MOYER, JJ., concur.