[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs appeal the denial of their petition for a declaratory ruling by the defendant State Teachers Retirement Board (TRB). Under General Statutes § 10-1831, the TRB is responsible for the management of the teachers' retirement system. The Office of Policy and Management (OPM) and its secretary, Reginald L. Jones, Jr., are defendants in light of General Statutes § 4-70b(a).[1] The plaintiffs are or were teachers in the Connecticut public school system who were all eligible for early or normal retirement as of September 1, 1992, but who did not retire as of that date.
By petition dated March 30, 1995, the plaintiffs requested that the TRB issue a declaratory ruling that the cost of living adjustment (COLA) provisions of Public Act 92-205 do not apply to them or to similarly situated persons. After holding hearings on CT Page 1069 June 6, 1995 and July 12, 1995, and receiving briefs from the plaintiffs and OPM, the TRB issued a ruling denying the plaintiffs' request on June 19, 1996. The ruling concluded as follows:
 The clear language of Conn. Gen. Stat. § 10-183g(j)-(n) makes the COLA provisions of § 10-183g(k) applicable to the specific circumstances of the petitioners, Bari Levine, Michael A. Renzulli, Jr., Allen Shanen, Sherwin Baer, Herman Alswanger, and John Kane, and other similarly situated teachers. Accordingly, the Board denies the petitioners' request. The remedy for any constitutional claim lies not with the TRB, but with the court.
(Return of Record (ROR), Item 76, p. 8.)
This appeal followed. After briefs were filed, oral argument took place on October 22, 1997. On that date, the plaintiffs filed a supplemental memorandum of law; on November 19, 1997 and November 21, 1997, the defendants OPM and TRB, respectively, filed reply memoranda. Thereafter, on December 5, 1997, the plaintiffs filed a reply memorandum.
The court's resolution of the plaintiffs' claims is guided by the limited scope of judicial review afforded by the Uniform Administrative Procedure Act; General Statutes § 4-166 et seq.; to the determination made by the Teachers Retirement Board.Cannata v. Dept. of Environmental Protection, 239 Conn. 124, 139
(1996). "[A]s to questions of law, [t]he court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion . . . . Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts." (Citations omitted; internal quotation marks omitted.) Id., 139-40; see State v. State Employees Review Board, 239 Conn. 638, 645
(1997).
"[B]ecause [the court's] resolution of the plaintiffs' claim requires the application of a statutory provision . . . to a specific factual scenario, we are also guided by well established tenets of statutory interpretation." Cannata v. Dept. ofEnvironmental Protection, supra, 239 Conn. 140. "`It is fundamental that statutory construction requires us to ascertain CT Page 1070 the intent of the legislature and to construe the statute in a manner that effectuates that intent.'" (Citation omitted.) Id., 140-41, quoting Starr v. Commissioner of EnvironmentalProtection, 236 Conn. 722, 737 (1996). "In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Citations omitted; internal quotation marks omitted.) Cannata v. Dept. ofEnvironmental Protection, supra, 239 Conn. 141. "We presume that the legislature had a purpose for each sentence, clause or phrase in a legislative enactment, and that it did not intend to enact meaningless provisions." Hall v. Gilbert Bennett ManufacturingCo., 241 Conn. 282, 303 (1997).
Public Act 92-205, which became effective July 1, 1992, provided for a COLA of three to five percent for those teachers who retired prior to September 1, 1992, and for those teachers retiring after September 1, 1992 provided for a COLA calculated in relation to that granted by the Social Security Administration with a range between one and one half percent and six percent, provided that the COLA is limited to one and one half percent if the total return on pension assets is less than eight and one half percent. Finally, if there are no funds available in the excess earnings account, no COLA can be paid. General Statutes (Rev. to 1993) § 10-183g(j)-(n). This changed the previous statute on COLAs, General Statutes (Rev. to 1991) § 10-183g(j),[2]
which read,
 Beginning the first day of January or July which follows nine months in retirement, a retired member or a member's successor beneficiary, except a person receiving survivor's benefits, shall be eligible for an annual five per cent cost of living allowance on any benefit except a benefit based upon such member's one per cent contributions or voluntary contributions. Such cost of living allowance shall be computed on the basis of the retirement benefits to which such retired member or successor beneficiary was entitled on the last day of the preceding December or June except benefits based upon one per cent or voluntary contributions. Such member's successor beneficiary means any person, other than such member, receiving benefits CT Page 1071 as the result of the election of a period certain option or a coparticipant option, including an election for such an option by a surviving spouse under subsection (d) of section 10-183h. The right to such allowance, or any portion thereof, may be waived by the person entitled thereto at any time. Any waiver shall remain in effect until the first day of the month following such person's death or the filing with the board of a written notice of cancellation of the waiver. Any allowance waived shall be forever forfeited. If on any subsequent first day of January or July the Teacher's Retirement Board determines that the National Consumer Price Index for urban wage earners and clerical workers for the twelve-month period ending on the last day of the preceding November or May has increased less than the cost of living allowance provided under this subsection, the cost of living allowance provided by this subsection shall be adjusted to reflect the change in such index provided such cost of living allowance shall not be less than three per cent.
The plaintiffs argue that they are entitled to these COLA amounts, which were established in 1978. These amounts remained in effect until the passage of Public Act 92-205.
In claiming that Public Act 92-205 should not apply to them and that the above version should, the plaintiffs raise statutory and constitutional arguments. The plaintiffs claim that their rights to COLA benefits vested after ten years of service. This claim is explicitly based upon General Statutes §§10-183f(d).[3] There are several problems with this argument. First of all, as the TRB correctly found, and this court finds, none of the plaintiffs is eligible for deferred vested retirement under § 10-183f(d). That statute provides,
 (d) Deferred vested retirement. A member is eligible to receive a deferred vested retirement benefit beginning at age sixty who: (1) Has accumulated ten years of credited service in the public schools of Connecticut, the last five of which are consecutive; and (2) terminates service before becoming eligible for any other retirement benefit; and (3) leaves his or her accumulated CT Page 1072 contributions with the system. If such ten years of credited service is completed after the member attains age sixty, the benefit shall be payable beginning at age sixty-five.
Since none of the plaintiffs has retired before becoming eligible for any other retirement benefit, they have not met the second requirement of eligibility under this statute. (ROR, Item 76, p. 7.) The plaintiffs appear to be arguing that the statute creates a "vesting" in their retirement benefits that includes the COLA amounts in effect at the time of this vesting. If the court were to accept this argument, it appears from the record that all of the plaintiffs met the ten year requirement prior to the enactment of the 1978 COLA benefit provisions that the plaintiffs seek to have applied. (See ROR, Item 3, pp. 3-4, Items 27, 28, 29, 30, 31, 32.) Under this argument, the plaintiffs would have "vested" in COLA amounts pursuant to earlier versions of the COLA statute in effect at the time they met the ten year requirement. For each plaintiff, the COLA amounts under these earlier versions of the COLA statute would be lower than the 1978 COLA benefit provisions they seek in this case. In fact, one of the plaintiffs would have met the ten year requirement prior to 1967, when no COLA benefits were provided by statute. (ROR, Item 3, p. 4, Item 28.) Accordingly, under the plaintiffs' theory the court would be unable to grant the plaintiffs the relief they request, in that none of them would be entitled to the specific COLA benefit that they seek the court to order the TRB to apply to them.
The plaintiffs also appear to be arguing that they are somehow entitled to the pre-1992 COLA benefits because they were eligible for early or normal retirement prior to the enactment of Public Act 92-205 but chose not to retire prior to that date. (Plaintiffs' Suppl. Memorandum dated December 4, 1997.)
The plaintiffs rely on Pineman v. Oechslin, 195 Conn. 405,416 (1985), quoting in particular the following language,
 we note that the employees have statutory rights to retirement benefits once they satisfy the eligibility requirements of the act by becoming eligible to receive benefits.
The statute that contains the COLA provisions the plaintiffs seek to have applicable is clear. CT Page 1073
 Beginning the first day of January or July which follows nine months of retirement, a retired member or a member's successor beneficiary, except a person receiving survivor's benefits, shall be eligible for an annual five per cent cost of living allowance . . .
(Emphases added).
Thus, in order to be eligible for COLA benefits, under General Statutes (Rev. to 1991) § 10-183g(j), a teacher 1) must be retired and 2) must be retired for at least nine months. None of the plaintiffs is eligible for pre-1992 COLA benefits under a dear reading of the statute. Accordingly, under Pineman, they have no statutory rights to the COLA benefits. The statutory rights the plaintiffs do have to their future retirement benefits are those emanating from § 10-183f(a) and (c) and do not include a right to a particular COLA amount.
The plaintiffs also claim that Public Act 92-205 "effects a breach of the state's fiduciary duty to members of the [teacher's retirement system]." (Plaintiffs' brief, p. 17.) The plaintiffs cite General Statutes § 10-183m, which places the custody of the retirement funds in the state treasurer and provides for that officer to invest, hold and transfer those funds in accordance with the statutes and upon order of the TRB. The plaintiffs also cite General Statutes § 3-13h, entitled Disinvestment ofstate funds invested in corporations doing business in NorthernIreland which have not implemented the MacBride principles, and in particular they allude to the phrase "[i]n carrying out his fiduciary responsibility" contained in that statute. Finally, the plaintiffs refer to a New York case, McDermott v. Regan, 82 N.Y.2d 354
(1993), which concerned a change in the method of funding the New York state retirement system and which relied on a state constitutional provision establishing a contractual right to retirement benefits for public employees.
The court rejects this argument based upon a reading of the cited statutes. There is no statutory provision setting up a fiduciary responsibility in the treasurer to maximize the COLA amounts payable under the statute. Further, Connecticut has no constitutional provision establishing a contractual right in pension benefits and the state Supreme Court has explicitly rejected such a doctrine in Pineman. The issues in the McDermottv. Regan case are therefore inapposite to those here. CT Page 1074
The plaintiffs also argue that the application of Public Act 92-205 to them violates General Statutes § 55-3, which reads,
 Limitation of effect of certain acts. No provision of the general statutes, not previously contained in the statutes of the state, which imposes any new obligation on any person or corporation, shall be construed to have a retrospective effect.
The Connecticut courts have interpreted this statute "as a rule of presumed legislative intent that statutes affecting substantive rights shall apply prospectively only." (Citations omitted.) Gil v. Courthouse One, 239 Conn. 676, 688 (1997). The plaintiffs contend that they hold substantive rights to the pre-1992 COLA amount. First of all, the words of Public Act 92-205 evidence a legislative intent that its provision apply to the plaintiffs. Id. Secondly, and more significantly, this court has concluded, infra, that the plaintiffs hold no substantive rights to a particular COLA amount. Pineman v. Oechslin, supra,195 Conn. 415. The plaintiffs rely on Gormley v. State EmployeesRetirement Commission, 216 Conn. 523 (1990), where the court found that the application of General Statutes § 51-287 (e) to the plaintiff, did violate General Statutes § 55-3. That case is distinguishable because the plaintiff there was statutorily entitled to receive a pension that § 51-287 (e) would have taken away from him when he was appointed a judge. Here, the plaintiffs are not statutorily entitled to receive a particular COLA amount. There is no violation of General Statutes § 55-3 in applying Public Act 92-205 to the plaintiffs.
Throughout their memoranda, the plaintiffs cite a number of out of state authorities in support of their arguments. BecausePineman has set forth the applicable law as to public pensions and because the statutory and constitutional law of Connecticut is distinct from these other jurisdictions, the court does not consider these authorities persuasive.
For the above reasons, the court finds no statutory violations in the TRB's application of Public Act 92-205 to these plaintiffs.
The plaintiffs argue further that Public Act 92-205's application to them violates their constitutional rights to due process and equal protection. "Constitutional attacks on the CT Page 1075 rationality of economic or social welfare legislation must rebut the presumption of constitutionality that attaches to such legislation." Connecticut Education Assn. v. Tirozzi,210 Conn. 286, 299 (1989).
The plaintiffs again cite language from Pineman to support the due process portion of their constitutional claims. Specifically, they claim that Public Act 92-205 violates their rights under the 14th Amendment of the U.S. Constitution and Article 1 § 8 of the Connecticut constitution. The Pineman
court held that state employees have no vested contractual rights in retirement benefits, but also stated,
 In addition we conclude that the statutory pension scheme establishes a property interest on behalf of all state employees in the existing retirement fund, which interest is entitled to protection from arbitrary legislative action under the due process provisions of our state and federal constitutions.
Pineman v. Oechslin, supra, 195 Conn. 417.
In their brief, the plaintiffs discuss due process without clearly distinguishing between substantive and procedural due process. In Connecticut Education Assn. v. Tirozzi, supra,210 Conn. 293-300, the Supreme Court discussed both procedural and substantive state and federal due process claims in a challenge to 1989 legislation requiring continuing education for the renewal of teachers certificates. In determining whether there has been a violation of procedural due process, the court here must inquire: (1) did the plaintiffs have a property interest in the pre-1992 COLA; (2) does General Statutes (Rev. to 1993) § 10-183 (j)-(n) deprive them of that property interest; and (3) did the deprivation of the interest occur without due process of law. Id., 293. While the plaintiffs claim that Pineman
establishes their property interest in the pre-1992 COLA amount, this court does not read Pineman to say that. A property interest in the existing retirement fund does not include an interest in a specific COLA amount, which is determined nine months after the plaintiffs retire.
The Pineman court stated that the due process approach "protects public employees from legislative confiscation of the retirement fund and arbitrary forfeiture of benefits." Pineman v.CT Page 1076Oechslin, supra, 195 Conn. 417. Even if the court were to find that the plaintiffs had a property interest in the COLA, the plaintiffs cannot prevail on this claim under procedural due process because there was due process in this case.
 Although the defendants concede that there was no hearing at which individual teachers had the opportunity to protest the termination of their existing certificates, the legislature provided the plaintiffs with all the process that is their constitutional due. "In altering substantive rights through enactment of rules of general applicability, a legislature generally provides constitutionally adequate process simply by enacting the statute, publishing it, and, to the extent the statute regulates private conduct, affording those within the statute's reach a reasonable opportunity both to familiarize themselves with the general requirements imposed and to comply with those requirements." United States v. Locke, supra, 108; Texaco, Inc. v. Short, 454 U.S. 516, 532, 102 S.Ct. 781, 70 L.Ed.2d 738
(1982).
Connecticut Education Assn. v. Tirozzi, supra, 210 Conn. 298.
Thus, no hearing is required beyond the legislative process. While the plaintiffs claim that they had only ten days to consider their choices under this act, the record shows otherwise. The only evidence on this issue was as to one plaintiff, who testified that the ten day period related to a benefit provided through his contract with a municipality. (ROR, Item 25, pp. 26-27). There is no violation of the plaintiffs' rights to procedural due process.
As to any claim that the act violated their rights to substantive due process, the "burden is on one complaining of a due process violation to establish that the legislature has acted in an arbitrary and irrational way." Connecticut Education Assn.v. Tirozzi, supra, 210 Conn. 299. The record contains the testimony of Secretary Reginald Jones, who, as a legislator, was a sponsor of Public Act 92-205. His testimony supports a finding of a rational purpose behind Public Act 92-205. See Pineman v.Fallon, 662 F. Sup. 1311 (D.Conn. 1987). Jones testified regarding the effect of the Education Enhancement Act, which CT Page 1077 substantially increased salaries for Connecticut public school teachers. He testified that the passage of that act limited the state's ability to fund the teacher's retirement system. (ROR, Item 25, pp. 42-45.) The plaintiffs have not successfully countered this testimony to satisfy their burden to show a violation of their rights to substantive due process.
The plaintiffs also raise constitutional equal protection claims under the 14th Amendment of the U.S. Constitution and Art.1 § 20 of the Connecticut constitution. They assert that the act discriminates against them and is not rationally related to a legislative purpose. Because there is no claim that the plaintiffs fall within a suspect class, they must establish that the act's classification is without a rational basis. State v.Morales, 240 Conn. 727, 739 (1997). "Rational basis review `is satisfied so long as there is a plausible policy reason for the classification.'" (Citations omitted.) Id.
Here the classification was based upon those teachers who retired before September 1, 1992 and those who retired on or after that date. Teachers are not a suspect classification and statutes making distinctions among them for purposes of retirement benefits do not deny equal protection of the law as long as the disparate treatment does not lead to the conclusion that the legislature acted irrationally. Morton v. State TeachersRetirement Board, 70 Ohio App.2d 114, 434 N.E.2d 1101 (1980)."Shuchman v. State Employees Retirement Com'n, 1 Conn. App. 454,461 (1984). The plaintiffs conclude rather summarily (Plaintiffs' brief, p. 27) that the state's economic concerns are not sufficient to meet the rational basis test. The court disagrees. The plaintiffs have not shown that the state's purpose as to its fiscal concerns and the protection of retired teachers is not a plausible policy concern. The plaintiffs have failed to establish the act is without a rational basis.
There is no violation of the plaintiffs' rights of equal protection under the state and federal constitutions.
The plaintiffs also claim that Public Act 92-205 violates their contractual rights as guaranteed in Art. I, § 10 of the U.S. constitution.[4] Notwithstanding the clear language ofPineman, the plaintiffs claim that they have contractual rights to "pension benefits and then-existing COLA." (Plaintiffs' brief, p. 27.) In Connecticut Education Assn. v. Tirozzi, supra,210 Conn. 302, the court said in examining a constitutional contracts CT Page 1078 claim,
 The threshold question is whether the state law has in fact operated as a substantial impairment of a contractual relationship.
(Citations omitted.) In Pineman, the court addressed the specific issue of "whether Connecticut's statutory retirement plan for state employees is contractual in nature." Pineman v. Oechslin,
supra, 195 Conn. 412. The court determined it was not, and noted,
 Although there is a seductive appeal in the contract-oriented approaches adopted by other jurisdictions, we decline to depart from the well established rules of statutory construction discussed earlier, namely, that a statute does not create vested contractual rights absent a clear statement of legislative intent to contract.
Id., 414.
There is no clear statement from the legislature that it created a contract with the plaintiffs as to a specific COLA amount. Accordingly, there is no violation of the plaintiffs' constitutionally guaranteed contractual rights.
In light of the substantial evidence in the record and the applicable law, the TRB's decision will not be disturbed.
The appeal is dismissed.
DiPentima, J.